| | |
|---|---|
| STEVEN DAY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.: 3:23-CV-63-DCLC-JEM ) ) |
| KNOX COUNTY SHERIFF OFFICE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a pro se prisoners' complaint under 42 U.S.C. § 1983 purportedly brought by over two dozen Plaintiffs [Docs. 1, 7, and 8]. For the reasons set forth below, the Court will disallow class certification and permissive joinder of Plaintiffs in this action and order each Plaintiff wishing to proceed in a § 1983 suit to file an individual complaint and either pay the filing fee or submit the necessary documents to proceed *in forma pauperis*.

Plaintiffs have classified their initial complaint as a class action, which the Court construes as a request for class certification. *See* Fed. R. Civ. P. 23(c)(1). To permit this action to proceed as a class action, the Court must be satisfied that a number of grounds are met, one of which is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). However, pro se inmates are "not able adequately to represent [a] proposed class." *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x

622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000). Accordingly, the Court **DENIES** Plaintiffs' motion for class certification.

The Court otherwise notes that Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), courts have recognized that there are significant practical problems with allowing multiple prisoners to file a single complaint. *See, e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated . . . .'" as well as the fact that prisoner litigants are "notably transitory") (citations omitted).

The practical problems posed by multi-Plaintiff prisoner litigation is evident in this case. The Court notes that Plaintiff's initial complaint contains only the signatures of Plaintiffs Steven Day, LaShawn L. Johnson, Robert Atkins, Jayland Woods, and James Tyler Porter [Doc. 1 p. 4, 5, 16, 27, 30, 33]. Plaintiffs thereafter filed an amended complaint that was signed only by Plaintiffs Johnson and Eddie Crippen [Doc. 7 p. 5, 7]. This complaint completely replaced the original complaint but did not include all the allegations of the original complaint [*Compare*

2

Doc. 7 *with* Doc. 1]. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted). A third amendment was filed on February 15, 2023, seeking to add multiple Plaintiffs and Defendants [Doc. 8]. However, Plaintiffs did not seek permission to file that amendment, which they were required to do by virtue of having already amended their complaint once, *see* Fed. R. Civ. P. 15(a), and the amendment did not contain the signature of any Plaintiff [Doc. 8]. Therefore, not only was the filing submitted without leave of Court, but it was also submitted in contravention of Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring every pleading to be signed by a party personally if the party is unrepresented).

Additionally, most of the Plaintiffs have not verified any of the facts alleged in the initial or amended complaint, and therefore, the Court cannot determine that their claims assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as required for them to proceed jointly in this matter. Fed. R. Civ. P. 20(a)(1). In fact, the opposite seems to be true, as some of Plaintiff Johnson's claims arise from incidents at the Washington County Detention Center, while the remaining Plaintiffs' claims, though varied, are confined to incidents at the Knox County Detention Facility [*See, generally* Docs. 1, 7]. Moreover, given the significant practical issues arising out of prisoners filing joint complaints, which is apparent from the filings so far in this case, the Court finds that even if Rule 20(a) permitted joinder of over two dozen Plaintiffs, it would be impractical and inefficient for the Court to allow them to do so in this case.

As such, Plaintiffs are **NOTIFIED** that they will not be allowed to proceed jointly in this action. While the Court may sever this action to allow each Plaintiff to proceed separately, Fed. R. Civ. P. 21, the Court has several concerns doing so *sua sponte*. First, a significant portion of

3

the filings in this case are written in the hand of Plaintiff LaShawn Johnson [*See* Docs 1, 5, 6, 7, 8, 9], and given the absence of signatures for most of the Plaintiffs, it is not apparent that they all have actually consented to suit. Second, because joinder has been disallowed, each Plaintiff will be solely responsible for the entire filing fee of an individual action. The Court is mindful that one or more Plaintiffs may not wish to pursue an individual action in light of that fact. Third, a lawsuit is initiated by filing a complaint. Fed. R. Civ. P. 3 (providing that "[a] civil action is commenced by filing a complaint with the court"); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980). And the filing fee is due the moment the action is initiated. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed."). Here, however, the Court does not have a complaint signed by a Plaintiff who has also either submitted the filing fee or a proper *in forma pauperis* application. In fact, only Plaintiffs Kirby and Stanley have submitted proper applications to proceed as a pauper [Docs. 10, 11], but they have not signed a § 1983 complaint [*See* Docs. 1, 7, 8].

Accordingly, each Plaintiff wishing to proceed in an individual § 1983 suit shall have up to and including twenty-one (21) days from the date of entry of this Order to file (1) a § 1983 complaint, signed personally be that Plaintiff, containing a short and plain statement of his or her individual claims, and (2) the filing fee or a proper application to proceed *in forma pauperis*.[1] [2] Each Plaintiff's § 1983 complaint **must** be complete in and of itself and not refer back to any

---

[1] Because Plaintiffs Kirby and Stanley have submitted their *in forma pauperis* applications properly, they need not submit additional applications to proceed as paupers [Docs. 10, 11].

[2] Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

previously filed documents. Each Plaintiff should submit these documents **only** if he or she wishes to proceed in a § 1983 action in which they will be the sole Plaintiff. Otherwise, if a Plaintiff does not file both documents by the deadline, the Court will presume that Plaintiff does not wish to sustain a § 1983 action, and this matter will be **DISMISSED** as to that Plaintiff for failure to prosecute.

The Clerk is **DIRECTED** to mail each Plaintiff a § 1983 form an *in forma pauperis* application for this purpose.

Plaintiffs are **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief until after the Court has screened each Plaintiff's complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

Finally, each Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

                                              s/Clifton L. Corker
                                              United States District Judge