UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVEN DAY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No.: 3:23-CV-63-DCLC-JEM |
| KNOX COUNTY SHERIFF OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On February 21, 2023, this Court entered an Order denying Plaintiffs permission to proceed jointly in prisoner's civil rights action under 42 U.S.C. § 1983 and requiring each Plaintiff wishing to proceed in a separate action to submit an *in forma pauperis* application **and** an individualized complaint within twenty-one (21) days [Doc. 13]. None of the over two dozen Plaintiffs named in this action have fully complied with the Court's Order. However, Plaintiffs Steven Day and Travis D. Scates have filed motions to proceed *in forma pauperis*, thereby indicating that they wish to proceed in separate § 1983 actions [Docs. 31 and 33]. The remaining Plaintiffs have not even partially complied with the Court's Order, and the deadline to do so has passed.[1] Therefore, it is **ORDERED**:

1. Steven Day will proceed as the sole Plaintiff in the above-captioned case, and the Court will address Day's Complaint[2] [Doc. 1], supplement [Doc. 32], and motion to proceed *in*

---

[1] The Court notes that Plaintiffs Robert Atkins and LaShawn Johnson submitted filings after entry of the Court's Order requiring each Plaintiff to file separate complaints and pauper applications [Docs. 34, 35-38]. However, neither filed an *in forma pauperis* application or a § 1983 complaint.

[2] The initial Complaint submitted in this action is the only one signed by Plaintiff Day [*Compare* Doc. 1 *with* Docs. 7 and 8].

*forma pauperis* [Doc. 31] by subsequent Order;

2. The Clerk is **DIRECTED** to sever Plaintiff Travis D. Scates from this action, open a new civil action for Plaintiff Scates, and transfer Scates' *in forma pauperis* application [Doc. 33] and unsigned Amended Complaint[3] [Doc. 8] to the newly filed action;

3. The Clerk is **DIRECTED** to file this Memorandum and Order both in this action and in Scates' newly opened civil action;

4. The remaining Plaintiffs are **DISMISSED** from this action, and all pending motions not addressed by this Order [Doc. 9] are **DENIED** as moot; and

5. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Therefore, Plaintiff is **NOTIFIED** that failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

---

[3] The Amended Complaint, which is unsigned and contains no factual allegations, is the only pleading filed in this action that mentions Scates as a Plaintiff [Doc. 8].