UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STEVEN DAY, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No.: 3:23-CV-63-DCLC-JEM |
| v. | ) |
| | ) |
| KNOX COUNTY SHERIFF OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, a prisoner housed in the Knox County Detention Facility, has filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1], an amended complaint [Doc. 8], supplement to the complaint [Doc. 32], and motion for leave to proceed *in forma pauperis* [Doc. 31]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion, **DISMISS** all named Defendants, and **PERMIT** Plaintiff to file an amended complaint.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 31] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

As he is incarcerated, Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

### B. Plaintiff's Allegations

In a supplement to the initial §1983 suit filed in this action,[1] Plaintiff alleges that correctional officers "conspire not to give [prisoners] re[reation time][,]" "come in with 2 keys saying they have two pods when they don't[,]" only allow prisoners "2 days of rec[reation] per week[,]" and refuse to allow prisoners to daily clean their cells and take showers [Doc. 32].

### C. Analysis

The Court finds Plaintiff's supplemental complaint lacks sufficient factual allegations to state a claim upon which § 1983 relief may be granted. First, neither the initial complaint [Doc. 1] nor the supplement [Doc. 32], both of which are signed by Plaintiff's own hand as required by Rule 11 of the Federal Rules of Civil Procedure, contains facts linking any Defendant to wrongdoing. Therefore, Plaintiff has failed to state a claim against a viable Defendant. *See Iqbal*, 556 U.S. at 676 (holding that Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Second, to the extent Plaintiff intends to sue the Knox County Sheriff's Office itself, the Court notes that it is not a "person" within the meaning of § 1983, and therefore, it is not amenable to suit. *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal

---

[1] Over two dozen plaintiffs filed a § 1983 Complaint as a class action [Doc. 1]. The Court subsequently entered an Order denying plaintiffs class action status and ordering each plaintiff wishing to proceed in a separate action to file a § 1983 complaint and an *in forma pauperis* application [Doc. 13]. After the time for compliance passed, the Court entered an Order severing the only other Plaintiff who attempted to comply with the Court's Order and retained Plaintiff Day's filings in this civil action number [Doc. 40].

3

courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Nonetheless, the Court will permit Plaintiff an opportunity to amend his complaint to correct these deficiencies, as it is possible Plaintiff may be able to sustain a viable §1983 action regarding the conditions of confinement in the Knox County Detention Center if he can link specific acts of wrongdoing to the responsible party. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding court may allow plaintiff to amend complaint even when complaint is subject to dismissal under the PLRA).

Therefore, Plaintiff will be permitted fourteen (14) days within which to file an amended complaint setting forth the specific individual(s) responsible for the challenged conditions, the specific facts supporting his allegations that the conditions are unconstitutional, any harm Plaintiff has suffered as a result, and a specific request for relief. Plaintiff is **NOTIFIED** that he must attempt to assert only his own constitutional rights; he may not premise his § 1983 action on harms allegedly suffered by other inmates. *See, e.g., Newsom v. Norris,* 88 F.2d 371, 381 (6th Cir.1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and.. . lacks standing to assert the constitutional rights of other prisoners"). Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which §1983 relief may be granted and for failure to comply with an Order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 31] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff has failed to state a viable constitutional claim against a named Defendant, and all Defendants are **DISMISSED** from this action;

6. Plaintiff shall have fourteen (14) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the

proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                              s/Clifton L. Corker
                                              United States District Judge